UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDALL HELWIG and VICKI HELWIG, | * | CIV. 09-4133 |
| Plaintiffs, | * | |
| -vs- | * | ORDER |
| OLD DOMINION FREIGHT LINE INC., a Virginia corporation, | * | |
| Defendant. | * | |

Pending is Old Dominion's motion to quash the notice to depose Judy Burckhalter (Doc. 35).

**BACKGROUND**

This matter arises out of an accident occurring on July 31, 2009, in which Plaintiff Randall Helwig, while traveling on a motorcycle on Interstate 229 in Sioux Falls, South Dakota, was involved in an accident with a semi-tractor and trailer owned by Defendant Old Dominion. Plaintiffs have noticed the deposition of Old Dominion's Liability Claims Manager, Judy Burckhalter. Ms. Burckhalter is responsible for monitoring litigation involving the company. She is located in North Carolina. She was not a witness to the accident. She has no personal knowledge of the facts relating to the accident. Ms. Burckhalter has no information concerning Plaintiffs' claim other than that which she has obtained through Old Dominion's attorneys and through her litigation support in this case. Ms. Burckhalter signed discovery responses on behalf of Old Dominion.

**DECISION**

Old Dominion has a privilege under SDCL § 19-13-3 to refuse to disclose and to prevent any other person from disclosing confidential communications made between (1) the corporation or its representative and the corporation's lawyer or the lawyer's representative, or (2) between representatives of the corporation or between the corporation and a representative of the corporation. *Id*. Pursuant to SDCL § 19-13-2, a representative of the client is "one having authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client." *Id. See also State v. Rickabaugh*, 361 N.W.2d 623, 625 (S.D. 1985). Work-product materials may only be discovered if they are otherwise discoverable under Rule 26(b)(1) and if the requesting party shows "substantial need" for them and an inability to get the "substantial equivalent" of the materials without "undue hardship." *Id*. Even if discovery is ordered, the court must protect "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Federal Rule of Civil Procedure 26(b)(3)(B). In the Eighth Circuit, the primary test of work product is "whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 400 (8th Cir. 1987). "Federal Rule of Civil Procedure 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by 'furnish[ing] such information as is available to the party.'" *Shepherd v. American Broadcasting Companies, Inc*., 62 F.3d 1469, 1482 (D.C. Cir. 1995) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210 (8th Cir.1973).

Plaintiffs' interrogatories were propounded to Old Dominion as a corporate defendant and were verified as corporate responses by Ms. Burckhalter as an authorized representative of Old Dominion. The process of gathering information to assist in defense of litigation is protected by the work product doctrine. *Coburn Group, LLC v. Whitecap Advisors LLC*, 640 F.Supp.2d 1032, 1036-37 (N.D. Ill. 2009). All of Ms. Burckhalter's activities pertaining to discovery in this matter, including the gathering of information and/or documents, were conducted either at the specific direction of defense counsel or in anticipation of litigation or trial. She has no personal knowledge of Plaintiffs' claims that was not obtained through her involvement in the defense of Plaintiffs' threatened and actual litigation.

Plaintiffs assert that Jeff Peterson admitted using a "handheld communication device provided to him by his employer immediately prior to the accident and that is why he did not see Randy in time to stop before running over his motorcycle." (Doc. 44, p. 1). Defendant in its Answer admitted "that, prior to the accident, Mr. Peterson glanced at a messaging device, but denied that Mr. Peterson was 'utilizing' the handheld device while driving on Interstate 229." (Doc. 10, ¶ 8). Plaintiff has deposed every employee of defendant who has information about the case and argues that none has been able to explain:

> why the text message sent to Mr. Peterson moments before the crash was not contained on the message log, how the text message that Mr. Craver said was unrecoverable was apparently recovered and produced, and why the preceding message was not recovered. Nor can any of them explain why Mr. Peterson's handheld device defaulted to zero time with respect to a call placed right around the time of the crash.

Those unanswered questions are straw men and the answers to those questions not relevant to the issue of negligence if Old Dominion had admitted that Peterson was reading or texting on a hand held communication device just before the accident and that is why he did not see plaintiff in time

to avoid the accident. Plaintiffs assert Peterson admitted as much in his deposition. The defendant is Old Dominion, however. While it may be that Old Dominion is bound by Peterson's admission, Old Dominion has denied "that Mr. Peterson was 'utilizing' the handheld device while driving on Interstate 229" (Doc. 10, ¶ 8). There is a dispute about the hand held device as a contributing cause of the accident, so the questions about the message log, the explanation for being able to recover the unrecoverable text message, and why the device defaulted to zero time are not straw man questions. The answers to these questions could tend to reveal whether Peterson was using a hand held device just before the accident and therefore distracted from the proper operation of his vehicle.

Judy Burckhalter was not an eyewitness to the accident. She has secured all of her knowledge about the accident from counsel and in preparation for or in the course of litigation. It appears the larger part of her information, if not all of it, is protected by the attorney/client privilege and by the work product doctrine. Since Old Dominion has denied that the device was a contributing cause of the accident, plaintiff carries the burden to prove that it was. Plaintiff argues because "defendant's counsel will be present at the deposition, the risk of Ms. Burckhalter disclosing any privileged information is non-existent." The court agrees. It may be that none of the questions put to Judy Burckhalter will be answered. Counsel may instruct her not to answer because all of her responses are protected by a privilege. *See* Federal Rule of Civil Procedure 30(c)(2). But that is a risk for plaintiffs' counsel to balance when they perform the cost/benefit analysis regarding Judy Burckhalter's deposition. Plaintiffs are entitled, within the parameters of the law and the court's Scheduling Order, to take depositions of persons chosen by them in preparation for trial.

It is ORDERED:

1. That the motion to quash (Doc. 36) is DENIED.

2. That the alternative motion for a protective order (Doc. 36) is DENIED. Rule 33(c)(2) provides the necessary protection.

Dated this 25th day of May, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge